**JOHN CUNEO, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 85–1569.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 22, 1986.

Decided June 24, 1986.

Frank P. Pinchak, Chattanooga, Tenn., for petitioner. William P. Hutcheson and Gary William England, Chattanooga, Tenn., were on brief, for petitioner.

Ellen O. Boardman, Atty., N.L.R.B., with whom Elliott Moore, Deputy Associate Gen. Counsel, and Helen Morgan, Atty., N.L.R.B., Washington, D.C., were on brief, for respondent.

Before WALD and GINSBURG, Circuit Judges, and RE,* Chief Judge, United States Court of International Trade.

Opinion PER CURIAM.

PER CURIAM:

In this case, we review an order by the National Labor Relations Board (Board) requiring John Cuneo, Inc. (Cuneo) to provide $16,877.49 in back pay to Jerry Brite, an employee against whom the company committed an unfair labor practice. The amount of back pay due depends, in part, on whether Brite was a permanent or a temporary employee. The Board neglected to address one of Cuneo's two major arguments about why Brite should be treated

---

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

as a temporary employee. We therefore remand the case to the Board for further consideration of this unresolved issue.

When Jerry Brite applied for a job with Cuneo, he deliberately misrepresented on his application that he was unemployed. In fact, Brite was temporarily laid off from work at Eclipse Lookout Company (Eclipse) and subject to recall at any time. In ignorance of Brite's actual status, Cuneo hired Brite on August 24, 1977 with the intention of making him a permanent employee. One month later, Brite joined other Cuneo employees in a strike. On November 14, 1977, the union tendered to Cuneo the striking employees' unconditional offer to return to work. Cuneo refused to reinstate the strikers. On December 6, 1977, Brite was recalled to Eclipse.

The Board found that Cuneo's refusal to allow Brite and his fellow strikers to return to work was an unfair labor practice. *See John Cuneo, Inc.,* 253 N.L.R.B. 1025 (1981), *aff'd sub nom. Road Sprinkler Fitters Local Union No. 669 v. NLRB,* 681 F.2d 11 (D.C.Cir.1982), *cert. denied,* 459 U.S. 1178, 103 S.Ct. 831, 74 L.Ed.2d 1025 (1983). Cuneo, therefore, was liable to Brite for back pay covering the time Brite was illegally denied work. If Brite had only temporary employee status, his back pay entitlement would run from the date of his offer to return to work until the date when the temporary employment would have ended. If Brite gained permanent employee status, he could collect back pay for the considerably longer period running from the date of his offer to return to work until the date on which the company made him an unconditional offer of reinstatement. The Board found that Brite was a permanent employee and that Cuneo had

failed to make him a valid offer of reinstatement until August 19, 1983. Thus, the Board held Cuneo liable for back pay running from November 14, 1977 to August 19, 1983. *See John Cuneo, Inc.,* 276 N.L.R.B. No. 12 (1985); *John Cuneo, Inc.,* JD–(ATL)–88–84, at 14 (Nov. 28, 1984) (ALJ Decision), *reprinted in* Joint Appendix (J.A.) at 20.[1]

Cuneo objects to this holding on two grounds. First, the company argues that Brite was, or should be treated as, a temporary employee who would have left Cuneo's employ on December 6, 1977, when he returned to Eclipse. Second, Cuneo contends that it made a valid offer of reinstatement to Brite on September 21, 1978, much earlier than the Board found.

■■■ The second contention can be put swiftly to rest. The Administrative Law Judge found, and the Board affirmed, that the alleged offer contained in a September 21, 1978 mailgram[2] was ineffective on two counts: it was not sufficiently specific and unequivocal; and it did not afford Brite adequate time to consider his reply. *See* ALJ Decision at 10, *reprinted in* J.A. at 16; *John Cuneo, Inc.,* 276 N.L.R.B. No. 12 (1985). Judgments about such issues as the reasonableness of a reply period and the specificity of an offer of employment are uniquely within the Board's special expertise and, consequently, merit large respect on judicial review. Cuneo has suggested no persuasive reason to override the Board's determination that the mailgram was not "specific, unequivocal, and unconditional," and therefore did not toll the back pay period. Accordingly, we affirm the Board's holding that the alleged offer of reinstatement made on September 21, 1978 was ineffective.[3]

---

1. The Board slightly reduced this period of liability for other, unrelated reasons that are not at issue on appeal. *See John Cuneo, Inc.,* 276 N.L.R.B. No. 12, 2–3 (1985).

2. The text of the mailgram read:
   John Cuneo Inc. anticipates a need for another employee on the first shift. Should you be interested in reinstatement advise me immediately. If I do not hear from you by the close of

the work day September 25, 1978, I will assume you have no interest.

3. Cuneo contends that the Board is precluded from asserting that the mailgram did not constitute a valid offer of reinstatement because, in its earlier briefs in the liability stage of this case, the Board referred to the September 21 mailgram as an offer of reinstatement. *See* Brief of Petitioner John Cuneo, Inc. at 14–17. We reject Cuneo's argument. Cuneo seeks to bind the

■ The company's first contention, however, cannot be disposed of so easily. Cuneo provided two bases for its argument that Brite should be treated as a temporary employee. First, the company contended that Brite himself viewed his employment at Cuneo as temporary and would have returned to Eclipse in December even if he had still been on the job at Cuneo when Eclipse recalled him. The Board adequately replied to this argument by pointing out that Cuneo had failed to carry its burden of proof. *See John Cuneo, Inc.*, 276 N.L.R.B. No. 12, 2 (1985). Brite's wages were higher at Eclipse than at Cuneo. But that single fact was insufficient to demonstrate that Brite would have left the comparative security of work at Cuneo to return to Eclipse, where his work had been interrupted by lay offs covering more than one third of the time he was employed there. *See* Transcript of Hearing at 55–58, *reprinted in* J.A. at 29–32. Without further proffered evidence on the issue, the Board reasonably concluded that Cuneo "ha[d] not shown that Brite would have left its employ and returned to the prior employer had [Cuneo] not discharged him unlawfully." *Cuneo, Inc.*, 276 N.L.R.B. No. 12, 2 (1985).

■ This clear and adequate response by the Board stands in sharp contrast to the complete neglect of Cuneo's other argument about why Brite should be treated as a temporary employee. Cuneo suggested that if Brite had not concealed that he was laid off from Eclipse, Cuneo would not have hired him as a permanent employee. The company might have hired him as a temporary worker, or it might not have offered him employment at all. Cuneo urges that Brite should not be allowed to enjoy the benefits of a status he acquired only through deception in his employment application. *See* Brief of Petitioner, John Cuneo, Inc. at 10–12; *cf. John Cuneo, Inc.*, 276 N.L.R.B. No. 12, 2 & n. 5 (1985) ("The Respondent [Cuneo] argues it was not aware of Brite's employment history with the prior employer at the time it hired Brite.... Brite failed to list the former employer on his job application.").

The Board's opinion is inexplicably silent on the question whether deliberate misrepresentation on an application for employment is sufficient to strip an employee of his permanent status when he acquires that status by virtue of the misrepresentation. We express no opinion on this question; we merely note that the Board also expressed no opinion in response to Cuneo's argument that this kind of deception should alter the employee's status for remedial purposes. This is the first issue the Board should address on remand.

If the Board finds that deliberate misrepresentation on a job application could, at least in some circumstances, cause the employee to forfeit his permanent status, the Board must then go on to determine whether Cuneo has provided—or should be afforded an opportunity to provide—evidence sufficient to demonstrate that the appropriate circumstances exist in this case. What must Cuneo show to prove that it would not have hired Brite as a permanent employee if it had been aware of his employment history? Has Cuneo proffered—or should it be accorded an opportunity to adduce—evidence adequate to make such a showing? These are the additional questions the Board may need to confront and decide on remand.[4]

---

Board to statements in its briefs that relate to an issue which was neither litigated nor decided in the earlier proceeding. *See* ALJ Decision at 6–8, *reprinted in* J.A. at 12–14. Preclusion does not apply in these circumstances.

4. If the Board decides that the misrepresentation argument is legally sound—and, therefore, that these factual issues require consideration and resolution—it may wish to remand the case to the Administrative Law Judge (ALJ) for further fact findings. The ALJ, at the hearing already held, believed that the question of Brite's status as permanent or temporary had been resolved in the underlying unfair labor practice proceeding. *See* ALJ Decision at 5–6, *reprinted in* J.A. at 11–12. For this reason, the ALJ refused to accept evidence Cuneo proffered on this issue. The Board disagreed with the ALJ on this point, and held that the issue was not precluded, but then ruled that Brite was a permanent employee. *See John Cuneo, Inc.*, 276 N.L.R.B. No. 12, 2 (1985). Cuneo, therefore,

We affirm the Board's conclusions with respect to the ineffectiveness of the September 21, 1978 alleged offer of reinstatement. We also uphold the Board's finding that Cuneo failed to proffer evidence adequate to prove that Brite would have returned to Eclipse in December of 1977 even if he had then been working steadily for Cuneo. But we cannot affirm the Board's holding that Brite was a permanent employee because the Board failed to consider Cuneo's argument that Brite forfeited the benefits of his status when he procured that status through deliberate misrepresentation. We therefore vacate the Board's order directing Cuneo to pay Brite $16,877.49, plus interest, and remand the case to the Board for further proceedings consistent with this opinion.

*It is so ordered.*

---

has never had an opportunity to place on the record evidence in support of its argument that Brite's deception should disqualify him for the back pay that would accrue to a permanent employee. On remand, the Board may wish to allow Cuneo to supplement the meager record on this question before addressing Cuneo's argument.