# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 11, 2010           Decided April 27, 2010

No. 09-1100

WASHINGTON GAS LIGHT COMPANY,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

DOMINION TRANSMISSION, INC., DOMINION COVE POINT LNG,
LP, STATOIL NATURAL GAS, LLC, SHELL NA LNG LLC, BP
ENERGY COMPANY, AND COLUMBIA GAS TRANSMISSION,
LLC,
INTERVENORS

———

On Petition for Review of Orders
of the Federal Energy Regulatory Commission

———

*Adam S. Caldwell* argued the cause for petitioner. With him on the briefs were *Barbara S. Jost*, *Lisa B. Zycherman*, *Beverly J. Burke*, *Bernice K. McIntyre*, and *Rose T. Lennon*.

*Judith A. Albert* argued the cause for respondent. With her on the brief were *Thomas R. Sheets*, General Counsel, and *Robert H. Solomon*, Solicitor.

*Christopher T. Handman* argued the cause for intervenors Dominion Transmission, Inc., et al. With him on the brief were *J. Patrick Nevins*, *Georgia B. Carter*, *Janna R. Chesno*, *Charles H. Shoneman*, *Kirstin E. Gibbs*, *David L. Wochner*, *William A. Williams*, and *Frederic J. George*.

Before: SENTELLE, *Chief Judge*, and GARLAND and KAVANAUGH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: Dominion Cove Point operates a large facility adjacent to the Chesapeake Bay in Maryland, where it receives imported liquefied natural gas by ship from foreign countries. Dominion Transmission is an interstate gas transmission and storage company that transmits natural gas from facilities such as Dominion Cove Point to local distributors. Washington Gas Light Company is a local natural gas distributor that provides service to residential and commercial customers in and around Washington, D.C.

In 2005, Dominion Cove Point and Dominion Transmission sought to launch a construction project (known as "the Expansion") that would allow them to import greater quantities of liquefied natural gas and distribute it in gaseous form. Under § 3 and § 7 of the Natural Gas Act, the proposed Expansion required approval from the Federal Energy Regulatory Commission. *See* 15 U.S.C. §§ 717b(a), 717f(c)(1)(A). Section 3 provides that FERC "shall" approve an application to import natural gas "unless, after opportunity for hearing, it finds that the proposed . . . importation will not be consistent with the public interest." *Id.* § 717b(a). Section 7 states that FERC "shall" approve a natural gas construction

project like the Expansion so long as it "is or will be required by the present or future public convenience and necessity." *Id.* § 717f(e).

In 2006, FERC approved the proposed project. Washington Gas then sued in this Court, arguing that FERC's approval was not in the public interest and thus unlawful. Washington Gas claimed that higher volumes of regasified liquefied natural gas would pass through its piping system as a result of the Expansion, which in turn would pose an increased risk of unsafe natural gas leakage. (Regasified liquefied natural gas is natural gas that is liquefied to facilitate transportation and storage and then returned to gaseous form for distribution.)

This Court concluded that FERC had not adequately explained its analysis of the safety concerns associated with the Expansion. *See Washington Gas Light Co. v. FERC*, 532 F.3d 928 (D.C. Cir. 2008). After reviewing FERC's approval of the Expansion under the § 3 and § 7 criteria, we stated that "FERC failed to carry out its obligation of ensuring the Expansion can go forward consistent with the public interest." *Id.* at 933. In reaching that conclusion, we recognized that allowing more regasified liquefied natural gas to flow through Washington Gas's piping system could result in an increased risk of unsafe natural gas leakage. *Id.* at 931. Our remand order left FERC with a narrow task: to "more fully address whether the Expansion can go forward without causing unsafe leakage." *Id.* at 933.

On remand, FERC explained that the Expansion could not be said to cause any unsafe leakage if the amount of regasified liquefied natural gas that could be delivered *post-*Expansion was identical to the amount that could be delivered

*pre*-Expansion. FERC found that the relevant pre-Expansion contracts authorized the delivery of 530,000 Dekatherms per day of regasified liquefied natural gas. And FERC then limited the relevant post-Expansion regasified liquefied natural gas delivery levels to that same amount of 530,000 Dekatherms per day. By doing so, FERC ensured that the Expansion could not be said to increase the risk of unsafe natural gas leakage; after all, the same amount of regasified liquefied natural gas could have been delivered even if the Expansion had never occurred.

By imposing a post-Expansion limit that matches the pre-Expansion limit, FERC has satisfactorily ensured that the Expansion will not result in an increased risk of unsafe natural gas leakage. We have considered Washington Gas's other arguments and find them without merit. FERC has satisfied our remand order, and we deny Washington Gas Light Company's petition for review.

*So ordered.*