RANDOLPH, Senior Circuit Judge,
dissenting:
I would deny the petition for review.
The last time BNSF Railway Company petitioned for judicial review in this matter, our court remanded the case to the Surface Transportation Board. We disposed of BNSF’s petitions in these words: “Accordingly, we grant the petitions in part, so that the Board on remand can address BNSF’s double-counting objection to modified ATC, and we otherwise deny the petitions.” BNSF Ry. Co. v. Surface Transp. Bd., 604 F.3d 602, 613 (D.C.Cir.2010). Anyone reading this sentence would think the court was remanding the case for the Board to perform one function, and one function only — rule on BNSF’s double-counting objection. “[W]e otherwise deny the petitions” can only mean that the court was rejecting the other arguments BNSF made in its petitions. Yet the majority tells us that the opinion’s closing paragraph opened the door to allow BNSF to raise a host of new objections to Modified ATC. Maj. Op. at 166-67. With respect, I think that is mistaken.
The language of disposition, usually found at the end of a judicial opinion, should be clear enough that the parties do not have to guess about what the court has decided. In this case, if the court had remanded to the Board to consider or reconsider several issues one would have expected the court to have said so. That is, if the court had wanted the Board to address BNSF’s other substantive arguments it would have specified them, as the court did for example in Somerset Welding & Steel, Inc. v. National Labor Relations Board, 987 F.2d 777, 782 (D.C.Cir.1993). I admit that we are sometimes less precise, as when we remand for “proceedings consistent with [our] opinion,” see, e.g., City of Cleveland v. Fed. Power Comm’n, 525 F.2d 845, 857 (D.C.Cir.1976), disapproved on other grounds, Ark. La. Gas Co. v. Hall, 453 U.S. 571, 101 S.Ct. 2925, 69 L.Ed.2d 856 (1981), or when we direct the agency to address “first” a particular issue, which implies that the agency may also consider other issues, see, e.g., John Cuneo, Inc. v. Nat’l Labor Relations Bd., 792 F.2d 1181, 1184 (D.C.Cir.1986). But there was no imprecision here — the court remanded to the Board for it to “address” one argument, and otherwise denied the petitions. The Board was therefore given a “narrow task.” Wash. Gas Light Co. v. *169 Fed. Energy Regulatory Comm’n, 603 F.3d 55, 56 (D.C.Cir.2010). The Board fully complied when, on remand, it addressed and rejected BNSF’s double-counting objection. W. Fuels Ass’n, Inc. v. BNSF Ry. Co., Dkt. No. NOR 42088, 2012 WL 2194142, at *9-10 (Surface Transp. Bd. June 13, 2012) (decision). BNSF now barely challenges that ruling.
Even if the limited remand order required the Board to address more than double-counting I would still deny the petition for review. BNSF forfeited its current slate of arguments when it failed to raise them in its previous petitions for review. See Nw. Ind. Tel. Co., Inc. v. FCC, 872 F.2d 465, 470-71 (D.C.Cir.1989). The Board therefore had the discretion to decline to evaluate BNSF’s newly-minted arguments or to hold them to the statutory reopening standard.
The majority nowhere shows where or when BNSF had raised its Alternative ATC proposal before the proceedings on remand. Nothing in BNSF’s previous petitions for review even hints at the Alternative ATC approach. Instead, the majority points to BNSF’s argument that Modified ATC became unnecessary once Western Fuels eliminated low-rated traffic from its model. Maj. Op. at 167-68. That might be called a proportionality argument of sorts, but it is not the same one BNSF raises here. BNSF’s earlier argument would allocate revenue differently depending on the traffic selection in a shipper’s model. BNSF now suggests, for all models, that there is a revenue allocation method that better balances the Board’s competing concerns. By changing the object of comparison, BNSF created an altogether new argument because the Board’s decisions about revenue allocation rise or fall with the quality of the suggested alternative. See BNSF Ry. Co. v. Surface Transp. Bd., 453 F.3d 473, 483-84 (D.C.Cir.2006).
I also believe the Board acted within its discretion when it declined to hold the case in abeyance. Maj. Op. at 165-66. I have serious doubts whether an agency’s decision to hold a case in abeyance is even judicially renewable. Such docket-management choices are the sort of discretionary “decision[s] to structure the proceedings” that are left in the agency’s hands. See Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 543-47, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). And even if an abeyance decision is reviewable, I would sustain the Board’s decision. The Board was sensibly concerned with rising litigation costs and the need for finality. These concerns would grow even more pressing if this decades-old case dragged on.